35   429
105   300

## BRODHEAD v. WILTSE.

1. Evidence: MEDICAL WORKS AND OPINIONS OF MEDICAL EXPERTS. The statute (Rev., § 3995) making admissible books of science or art does not render inadmissible any other evidence respecting matters to which they relate, which was before admissible.

2. —— Hence, medical or surgical authorities are not the best or only evidence as to whether there is not a difference among them as to the mode of treatment or proper course to be pursued; but the same may be shown by the evidence of competent physicians or surgeons.

3. —— In like manner such witnesses are competent to testify as to who are standard authors, and as to what treatment they prescribe.

*Appeal from Clayton District Court.*

WEDNESDAY, DECEMBER 13.

ACTION to recover damages for the alleged negligent and unskillful manner in which the defendant, a physician, treated the fracture of the plaintiff's arm. The answer is in denial, and also avers a settlement of the cause of action. There was a jury trial resulting in a verdict and judgment for the plaintiff for $450, and costs. The defendant appeals.

*J. O. Crosby, J. T. Stoneman* and *T. Updegraff* for the appellant.

*Noble, Hatch & Frese* for the appellee.

COLE, J. — The plaintiff had both bones of his right arm, between his wrist and elbow, broken, and the defendant was employed as a physician and surgeon to treat the injury. Upon the trial the question or point of controversy was as to the propriety and skillfulness of the defendant's treatment of the fracture in two particulars: First, in applying, after the arm was extended and the fracture reduced, a roller bandage to the naked arm from the wrist to the elbow, before the splints were put on; secondly, in the use of splints, too short at the hand, the inside one extending about an inch below the wrist joint, and the one on the back being about half an inch longer. ·

The plaintiff introduced, with others, a witness who testified that he was a practicing physician and surgeon, and had been for twenty-three years; his testimony further tended to negative the propriety and skill of the defendant's treatment, both in the use of the inner circular bandage, and of splints which did not extend to the ends of the fingers. On cross-examination by the defendant's attorneys this witness was asked, "Is there not a wide difference among standard surgical authorities in the manner prescribed for dressing fractures of both bones of the forearm such as plaintiff's was?" and also, "Are you prepared to say that no standard surgical authority prescribes splints reaching only to the hands for such fractures as plaintiff's was?" and also, "Are you prepared to say that the most modern surgical authors prescribe long splints, reaching beyond the wrist joint, in fractures such as plaintiff's?" also, "Do you know from standard surgical books, or otherwise, what the practice of the ablest modern surgeons is, in regard to the use of splints extending to the

fingers ends, in cases of fracture such as plaintiff's was?" also, "Are splints extending only to the hand in such cases of fracture of forearm, as plaintiff's, approved by any modern standard surgical authorities?" and also, asked a witness introduced by defendant this question: "What do standard medical authorities prescribe in regard to the use of circular bandages next to the skin?" To each of these questions the plaintiff objected "on the ground that the standard authors themselves are the best evidence of whether they differ or not, and on the further ground that the question makes the witness the sole judge as to what is a standard author." This objection was sustained to each of said questions, and the witness was not permitted to answer, and to which rulings the defendant duly excepted.

It is provided by our statute (Rev., § 3995), "historical works, books of science or art, and published maps or charts, when made by persons indifferent between the parties, are presumptive evidence of facts of general notoriety or interest." Without now deciding what may be the proper construction of this section, as applied to the respective topics named in it, we have no hesitation in holding that it is not restrictive in its effect, but rather to extend. It does not make inadmissible any evidence which before was admissible, and, therefore, it does not affect the question involved in the ruling of the district court excepted to as above. Before the enactment of the above statute books of science were not generally (if they ever were) regarded as competent evidence. The fact that they are, by force of statute, now made competent would not render other competent testimony now incompetent. Hence standard surgical authorities are not the best evidence as to what they teach, or whether they differ. On this ground, therefore, the objection was not well taken. See, in this connection, *The State* v. *Hinkle*, 6 Iowa, 380, *i. e.* 386; *McKivitt* v. *Cone*, 30 id. 456.

So far as the objection is based on the ground that the question makes the witness the sole judge as to what is a standard author, it is to be remembered that the witness was called by the plaintiff as, and was shown to be, an expert, one who was skilled in the science and practice of medicine and surgery. As such he was competent to judge and testify as to "standard authors" and "what the practice of the ablest modern surgeons is," and what "the most modern surgical authors prescribe." The witness would, of course, be subject to be further examined by the opposite counsel as to the extent of his knowledge and the means of it respecting such authors, the practice, etc., and, in view of it all, the jury would determine the weight to be given to the testimony. The objections therefore should have been overruled.

The defendant also objected to several instructions given by the court. But as they are in accord with the rules of law as announced by this court in *Smothers* v. *Hanks*, 34 Iowa, 286, it is not necessary to review them or say more than that they are approved and affirmed.

For the error in excluding evidence as above shown the judgment is

Reversed.