MELVIN W. PARRISH v. HIGH POINT, RANDLEMAN, ASHBORO AND SOUTHERN RAILWAY COMPANY.

(Filed 20 November, 1907).

**Evidence, Expert—Questions for Jury—Hypothetical Questions.**

Upon competent evidence, expert may be asked and he may answer a hypothetical question as to his opinion upon or conclusion from certain facts in controversy, assuming that the jury should find them to be true, which leaves the findings of those facts exclusively for the jury. A physician, admitted to be an expert witness, who had examined the plaintiff sustaining an injury shortly thereafter, and had found and had testified that the plaintiff's kidney had been injured, may, upon competent evidence, be asked and may give his opinion as to what was the cause, if the jury find from the evidence that plaintiff was injured by falling back against the arm of a seat in the train and struck his back over the region of the kidney, and that at the time it gave him great pain, followed by nausea, etc.

CIVIL ACTION, tried before *Justice, J.*, and a jury, at July Term, 1907, of the Superior Court of RANDOLPH County.

This action was brought to recover damages for injuries to the plaintiff by defendant's negligence. The plaintiff had taken passage on defendant's train from Greensboro to Ashboro, on 23 July, 1906. He went to get some medicine for his wife and a glass of water, and while returning to his seat he received a severe shock, which was caused by the backing

of the engine against the cars. He was hurled forward and then backward, falling against the arm of a seat, which injured his back, hips and spinal column. There was evidence tending to show the extent of his injuries. In order to further prove the extent and nature of the injuries to himself, the plaintiff introduced Dr. Lewis, admitted to be a medical expert, who testified: "I have been a physician nearly twenty years. I examined the plaintiff on the 7th and 8th of July, 1907. There was nothing the matter with his lungs, but his heart beat a little fast. I found trouble—a swelling, puffiness and tenderness over his right kidney." The witness was then asked the following question: "If the jury find the facts to be, from the evidence, that the plaintiff was injured by falling back against the arm of a seat in the train, and struck his back over the region of the kidney, and at the time it gave him great pain, followed by faintness or nausea, and that, the second morning thereafter, he passed urine mixed with blood, and that several times since he has passed bloody urine, as late as the 5th day of this month; that his nervous system was affected, and when he makes a misstep or has a sudden jar he has acute pain in the region of the kidney, followed by passing bloody urine, what, in your opinion, is the cause of his being affected in this way?" The witness answered: "In my opinion, the kidney was dislocated by the fall, and the dislocation is permanent, and the plaintiff will be disabled for life, unless he has the kidney removed by an operation." The question and answer were objected to by defendant in apt time. The objections were overruled, and defendant excepted.

The exception as above stated was the only one in the case. There was a verdict for the plaintiff, and, judgment having been entered thereon, the defendant appealed.

*J. A. Spence* and *Morehead & Sapp* for plaintiff.
*J. T. Brittain* and *King & Kimball* for defendant.

WALKER, J., after stating the case: We cannot agree with the learned counsel of the defendant that this case bears any · resemblance to *Summerlin v. Railroad,* 133 N. C., 550. In that case the questions excluded by the Court were so framed as to require the witnesses to express an opinion as to the existence of a fact which was controverted, and it was there said by the ·Court that this was not the proper form for the question to take, but that the expert's opinion should be founded upon a hypothetical question containing a statement of facts which the jury might find from the evidence, and supposing, of course, that they will find them to be as stated in the question. The rule is stated in 3 Wharton & Stille's Medical Jurisprudence (5th Ed.), p. 580, as follows: "An opinion that an injury resulted from a certain designated act, being the one upon which the action is based, as distinguished from an opinion that certain causes would produce certain results, is improper as usurping the province of the jury." And so did we say, substantially, in *Summerlin v. Railway,* upon the authorities therein cited. The same rule, practically, is stated in 6 Thompson on Negligence, sec. 7755 (p. 694), as follows: "A medical expert is generally allowed to state his opinion as to whether the injury for which the action is brought *might* have resulted from a particular cause." But in this case the witness was not asked to give an opinion as to the mere existence of a controverted fact, but, upon the assumption that the jury found certain facts from the evidence as to the symptoms of the plaintiff's disease, including the fact that he had been injured by the jar in the manner described, he was asked to give his scientific opinion as to what produced those symptoms. He answered that the kidney had been permanently dislocated by the fall, and that he would be disabled for life, unless the kidney was removed by an operation. The injury from the jar, and the marked symptoms immediately following it, were assumed as facts that the jury might find to have existed, and his opinion was based on the facts so to

PARRISH *v.* RAILROAD.

be found.   He was not asked, if the symptoms existed, what particular injury caused them, but the injury and its instant manifestations were first assumed as established, and his opinion was deduced from these supposed ascertained facts. It was necessarily assumed by the very form of the question that whatever injury the plaintiff had suffered was *directly* caused by the fall, and the witness was called upon to state what the physical conditions produced by the fall indicated to his trained and experienced mind as a medical practitioner. We think the evidence comes strictly within the rule admitting expert testimony, or that which is given by a witness having special or peculiar knowledge and skill in the particular calling to which the inquiry relates, and the competency of the question, as predicated on the hypothetical facts stated, is sustained by the best-considered authorities.   *Longan v. Weltmer,* 180 Mo., 322 (64 L. R. A., 969) ; *Stouter v. Railway Co.,* 127 N. Y., 661; *Perkins v. Railroad Co.,* 44 N. H., 223 ; *State v. Bowman,* 78 N. C., 509.   The question was not so put to the witness "as to require him to draw a conclusion of fact nor to pass upon the effect of the evidence in proving controverted facts," but merely to express his opinion upon the facts stated in the question, leaving them to be found exclusively by the jury.   There was evidence upon which the jury could have made such a finding.

The ruling of the Court in admitting the evidence of Dr. Lewis was, therefore, correct.

No Error.