## L. W. STANLEY v. WHITEVILLE LUMBER COMPANY.

(Filed 8 November, 1922.)

**1. Appeal and Error—Evidence—Remarks of Counsel—Prejudice—Res Inter Alios Acta—Trials.**

In an action to recover damages for a personal injury alleged to have been negligently inflicted, involving the previous good health of the plaintiff before the injury, it is reversible error for the trial judge to admit as evidence plaintiff's certificate of discharge from the United States Army during the World War, containing recitals of honest and faithful services, etc., the same being *res inter alios acta*, the certificate but hearsay evidence, and prejudicial to the defendant, both in itself and the argument of the. plaintiff's attorneys to the jury based thereon, and allowed by the court.

**2. Jury—Evidence—Facts at Issue—Appeal and Error.**

The plaintiff was injured while employed by the defendant to operate a power-driven wood lathe machine, by a splinter of wood flying off therefrom, and striking and putting out the sight of his eye. There was conflicting evidence on the trial as to whether the machine was properly constructed as to its safety in this respect, or whether it was one known, approved, and in general use, etc.: *Held*, it was reversible error for the trial judge to admit the testimony of a witness who had testified to his previous knowledge of such matters, to further say that if a certain protective hood had been used on the lathe, the injury would not have occurred, this being the opinion of the witness upon the facts in evidence, within the sole province of the jury to determine, and not coming within the exception allowing nonexpert opinion evidence in certain cases.

**3. Appeal and Error—Improper Argument—Trials—Prejudice.**

Improper remarks of plaintiff's counsel in addressing the jury in this case, as to defendant's indemnity from liability by a bonding company, were sufficient for the trial judge to withdraw a juror and order a mistrial, had motion therefor been made by defendant.

CLARK, C. J., dissenting.

APPEAL by defendant from *Cranmer, J.,* at May Term, 1922, of COLUMBUS.

Civil action to recover damages for an alleged negligent personal injury.

Upon denial of liability and issues joined, there was a verdict and judgment in favor of the plaintiff. Defendant appealed.

*Powell & Lewis and Tucker & Proctor for plaintiff.*

*Schulken, Grady & Toon, Brooks, Hines & Smith, and Rountree & Carr for defendant.*

STACY, J. Plaintiff recovered a verdict of $10,000 as damages for the loss of an eye, and from the judgment rendered thereon, the defendant appealed, assigning errors.

It is alleged that the defendant's lathe machine, at which the plaintiff was injured on 9 June, 1921, was negligently and defectively equipped with insecure rollers and insufficient guard; and further, that it was in a generally unsafe and dangerous condition. Plaintiff was injured by a splinter being thrown from the machine and striking his eye, putting it out. There was evidence of splinters having been thrown out by said machine at other times prior thereto, and about which the plaintiff previously had made complaint.

Conversely, there was evidence on behalf of the defendant tending to show that the lathe machine was in good condition, equipped with proper guard, and of the kind and character in general use and of approved make. *Helms v. Waste Co.,* 151 N. C., 370; *Hicks v. Mfg. Co.,* 138 N. C., 319.

The errors assigned are largely addressed to the admission of incompetent and irrelevant testimony, and to the use made of same before the jury by plaintiff's counsel. The plaintiff, a witness in his own behalf, was allowed to testify as follows:

"Q. Were you honorably discharged (from the Army) in good physical condition? (Objection and exception.) A. Yes. (Objection and exception.)

"Admitted for the purpose of showing the plaintiff's physical condition prior to his injury.

"Q. Is that the discharge you received? (Objection and exception.) A. Yes, sir. (Objection and exception.)

"By the court: Q. Where were you discharged? Objection and exception.) A. Camp Lee, Virginia. (Objection and exception.)

"Q. And the officer who discharged you issued you this certificate? (Objection and exception.) A. Yes, sir. (Objection and exception.)"

The plaintiff was then permitted to offer in evidence, over objection, the following paper-writing, purporting to be the said certificate of discharge:

HONORABLE DISCHARGE FROM THE UNITED STATES ARMY.

*To all whom it may concern:*

This is to certify that LaFayette W. Stanley, 1894876, Private 3d B. and S. Det. D. G., 221st M. P. Co., The United States Army, as a testimonial of honest and faithful service is hereby honorably discharged from the military service of the United States by reason Auth. Par. S. O. C. F. Q., Camp Lee, Va., 25 June, 1919.

Said LaFayette W. Stanley was born in Whiteville, in the State of North Carolina.

When enlisted he was 25 years of age, and by occupation a farmer.

STANLEY *v.* LUMBER CO.

He had brown eyes, dark hair, fair complexion, and was 5 feet 8½ inches in height.

Given under my hand at Camp Lee, Virginia, this 26 June, 1919.

JOHN A. SHAW,
*Major, U. S. A., Commanding.*

ENLISTMENT RECORD.

Name: LaFayette W. Stanley.   Grade: Private.

Enlisted or inducted: 27 May, 1918, at Whiteville, N. C.

Serving in first enlistment period at date of discharge.

Prior service: None.

Noncommissioned officer: No.

Marksmanship, gunner qualifications or rating: Not qualified.

Horsemanship: Not mounted.

Battles, engagements, skirmishes, expeditions: A. E. F. from 31 July, 1918.   Meuse, Argonne, Verdun, St. Die.

Decorations, medals, badges, citations: None.

Knowledge of any vocation: Farmer.

Wounds received in service: None.

Physical condition when discharged: Good.

Typhoid prophylaxis completed: 13 June, 1918.

Paratyphoid prophylaxis completed: 13 June, 1918.

Married or single: Single.

Character: Excellent.

Remarks: No absence under A. W. 107.

Entitled to travel pay to Whiteville, N. C.

Signature of soldier: LaFayette Warrington Stanley.

A. A. HOFHAM, *Capt. Inf., U. S. A.,*
*Commanding 3d B. and S. Det. D. G.*

CAMP LEE, VA.

Paid in full, including bonus, $103.25.

M. A. PITTMAN, *Captain Q. M. C.,*
By C. T. P., *Agent.*

Transportation issued to Florence, S. C., N. & W. R. R., 26 June, 1919, Camp Lee, Va.

The court, addressing the jury: "This document is offered as corroborative of the witness, L. W. Stanley, if you find that it does corroborate him, as to his discharge, and the fact of his physical condition."

The first question and answer, it will be noted, were admitted for the purpose of "showing the plaintiff's physical condition prior to his injury"; and then the latter evidence was admitted as corroborative of

his "discharge and the fact of his physical condition." It appears from the record, however, that it was not only used for these purposes, but also for quite a different purpose as well.

This evidence, we think, should have been excluded. It was not pertinent to the issues involved, and the certificate of discharge was incompetent as hearsay. It is clear that the major part of the certificate was used for the purpose of appealing to the sympathy of the jury. The physical condition of the plaintiff is referred to in one place only in the "enlistment record," not in the discharge proper, but counsel were permitted to argue the whole to the jury. When the defendant objected to the contents of the discharge being argued to the jury, his Honor ruled as follows: "The court suggests that there has been evidence tending to show that the plaintiff did serve in the great war, his discharge has been introduced in evidence, and further, the court stated to the counsel objecting that he would follow counsel Lewis in addressing the jury and could answer him." (Objection and exception.) Here, it will be observed, the court treated the certificate of discharge as having been admitted generally, and as substantive proof, and not merely as corroborative evidence.

Counsel then proceeded in his address to the jury: "He, plaintiff, L. W. Stanley, withstood the onslaughts of the enemy, the shrapnel, the machine gun bullets, the gas bombs that were thrown from the air, and every other form of attack that was possible for the Germans to put over. In his discharge he has been credited with several battles. He was at Argonne, Verdun, and St. Mihiel; he went through the war with his regiment at the front from 26 September, until the armistice was signed, in 1918. He remained in France nearly a year—from July to the following June. He was then sent home and was discharged from the Army. You will recall that in the early part of 1920 financial depression set in, and it was almost impossible for thousands of service men to get positions."

This was much more than "cross-firing with small shot." It was a dangerous use of "contraband of war."

Major John A. Shaw, who issued the discharge, was not sworn as a witness, and was not even present at the trial. His certificate was neither certified to as a public record, nor sworn to by him. Furthermore, it was *res inter alios acta.* A new trial was awarded in the case of *Bryant v. Bryant,* 178 N. C., 77, for a similar error in the admission of a letter which tended to corroborate one of the plaintiff's witnesses. The ruling in that case would seem to be directly in point here: "A letter from a third person, written to the son of the plaintiff, tending to corroborate his evidence on a material fact involved in the action, may not be introduced in evidence, and the facts therein stated must be

proved by the writer under oath as a witness, such being hearsay and *res inter alios acta.*"

It is manifest in the case at bar that the introduction of the above evidence was hurtful and prejudicial. We cannot safely say that it was harmless. "There is no telling how far the defendant's case was affected by this error. Where there is error, its *immateriality* must clearly appear on the face of the record in order to warrant this Court in treating it as surplusage." *Pearson, C. J.,* in *McLenan v. Chisholm,* 64 N. C., 324.

There was also error, as indicated in the defendant's fifth and sixth exceptions. J. P. Stanley, plaintiff's brother, was allowed to testify, over objection, as follows: "The piece that struck my brother in the eye could not have come from anywhere else except that tin. . . . I have worked in five or six different mills. I have seen lathe machines in other mills besides those I worked in. All the mills that I have worked in had a piece of iron over it about three-eighths of an inch thick and bent down over the roll to keep the stick back. If this machine had been so equipped this piece could not have struck the plaintiff in the eye as it did."

The admission of this evidence, in the manner and form in which it was offered, is in conflict with the decisions of *Marshall v. Tel. Co.,* 181 N. C., 292; *Kerner v. R. R.,* 170 N. C., 97, and *Marks v. Cotton Mills,* 135 N. C., 287. In the last case just cited, *Associate Justice Walker* states the rule with clearness, and fortifies the same with a full citation of authorities. As there held, in a matter of this kind, a witness should not be permitted to express an opinion on the very question which the jury is impaneled to decide. "The general rule undoubtedly is that witnesses are restricted to proof of facts, within their personal knowledge, and may not express their opinion or judgment as to matters which the jury or the court are required to determine." 1 Rice on Evidence, 325, quoted with approval in *Cogdell v. R. R.,* 130 N. C., 318.

It has been said in a number of cases that witnesses should describe the facts and circumstances to the jury, and leave them to draw their own conclusions, under proper instructions from the court. *Tillett v. R. R.,* 118 N. C., 1042; *Wolf v. Arthur,* 112 N. C., 691. There are, of course, exceptions to this rule of evidence, but the present case falls within none of them. *Barnes v. R. R.,* 178 N. C., 264, and *Britt v. R. R.,* 148 N. C., 41. In fact, the instant case furnishes a striking illustration of the wisdom of the rule. The witness was allowed to testify, in so many words, that the plaintiff would not have been injured if the machine had been covered with an iron hood. This was the full equivalent of saying that, in the opinion of the witness, the defendant had failed to discharge one of the primary duties which it owed to the

plaintiff; or, in other words, that the defendant was guilty of negligence. The jury alone was summoned and selected to pass upon this question, and the witness should not have been permitted to express an opinion upon the very matter at issue between the parties. *Lynch v. Mfg. Co.,* 167 N. C., 98; *Summerlin v. R. R.,* 133 N. C., 550.

Again, in addressing the jury, Mr. R. M. Lewis, one of plaintiff's counsel, made the following statement: "Gentlemen of the jury, you need not worry about the Whiteville Lumber Company having to pay this—you have heard about these insurance companies." Defendant objected, and counsel withdrew the remark.

By the court: "Gentlemen of the jury, you will not regard that remark of counsel."

Plaintiff concedes, and rightly so, that this remark, injected in the case during argument of counsel, was improper, and should not have been made. His Honor would have been justified in withdrawing a juror and ordering a mistrial, but he was not requested to do so. Hence, this exception, in its present form and standing alone, possibly should not be held for reversible error, but it gives pronounced color and tone to the other objections appearing on the record, which are valid. In *Lytton v. Mfg. Co.,* 157 N. C., 333, it was said: "Evidence that the defendant, in an action for damages arising from an injury, is insured in a casualty company is entirely foreign to the issue raised by the pleadings, and is incompetent. By some courts it is held to be so dangerous as to justify another trial, even when the trial judge strikes it from the record," citing a number of authorities. See, also, *Starr v. Oil Co.,* 165 N. C., 587, where the question is again treated in a full and well considered opinion by *Walker, J.*

For the errors, as indicated, the cause must be remanded for another trial.

New trial.

CLARK, C. J., dissenting: This was an action for damages sustained by plaintiff while working at the defendant's sawmill, and while operating a lathe machine, which was alleged to have been negligently and defectively equipped with insecure rollers, worn out and insufficiently guarded, and which was generally unsafe and dangerous. The jury rendered a verdict sustaining such allegations of negligence, causing loss of plaintiff's right eye, lacerating his face, and suffering on account of same.

The eye had to be removed and a glass eye substituted. The injury occurred on 9 June, 1921, and was caused by a splinter or stick which was thrown from the lathe machine and came through a hole worn in the tin guard used as a protection against such occurrence, striking the

plaintiff in the face and eye. There was evidence that prior to that time pieces of lath and splinters had been thrown out in that manner from said machine, and plaintiff had complained thereof to the foreman and superintendent of the mill. The testimony of the defendant tended to show that the machine was in good condition, of the most approved in use, and was equipped with the proper guard.

The defendant, in his argument and brief, seems practically to have abandoned exceptions as to proof of negligence and to rely upon prejudicial testimony and argument, which he claims prejudiced the jury and increased the damages. The defendant insists that the evidence of the plaintiff's discharge from the army was prejudicial, but the plaintiff contends that it was corroborative evidence as to his physical condition at the time of his discharge, he having testified that he was then in good physical condition, and that his present condition was due to the injuries he sustained on the occasion of this injury: The plaintiff insists, correctly, we think, that if the appellant desired fuller instructions in regard to that matter it should have asked, at the time of the admission of the testimony, that it be restricted. *S. v. McGlammery,* 173 N. C., 750, and cases there cited; *Nance v. Tel. Co.,* 177 N. C., 315. Rule 27 of this Court, 174 N. C., 835, cited in the above cases, provides: "It will not be ground for exception that evidence, competent for some purposes but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted."

The official certificate of discharge was offered to corroborate the plaintiff's verbal testimony as to his physical condition at the time of his discharge and prior to his injury. This was competent in corroboration, being an official Government document certifying to the plaintiff's physical condition at that time. The statute of this State, Laws 1921, ch. 198, provides for the registration of official discharges from the military and naval forces of the United States in the office of the register of deeds of the several counties of the State, and requires that a special and permanent book shall be kept in the office of the register of deeds for that purpose. "The certificate of discharge issued to a soldier is legal evidence of his discharge, and his discharge, in the absence of contrary evidence, is held to be honorable." 3 Cyc., 342. The court stated to the jury that the document was offered as corroborative evidence of the witness as to his discharge, and the fact of his physical condition.

Nor was there any error in the admission of the testimony of plaintiff's brother that he had been a workman at this machine for some time; that he had worked in 5 or 6 different mills, and that the bearings on this machine were loose, and did not hold the material that went through the saws; that the machine was in very bad shape; that the tin used as a guard was worn and had holes in it, and that one piece of

stick came through the hole the evening before the injury and struck the witness in the face, and stuck two or three splinters in him.

In addressing the jury, one of the counsel for the plaintiff said to the jury that they "need not worry about the defendant company having to pay this. I have heard about these insurance companies—." The defendant objected, and counsel said that he would withdraw his remarks. The court thereupon told the jury: "You will not regard that remark of counsel." This, we think, was all that the court could have done, unless further caution had been asked as an instruction by the defendant.

Counsel for the plaintiff, in addressing the jury, picked up the discharge of the plaintiff and addressed the jury concerning the same. The defendant objected to the argument of the counsel and the reading of this discharge to the jury. The objection was overruled, and no exception was taken. We find no error prejudicial to the defendant in this particular.

Counsel for the plaintiff, further addressing the jury, said: "He (the plaintiff, L. W. Stanley) withstood the onslaughts of the enemy, the shrapnel, the machine gun bullets, the gas bombs that were thrown from the air, and every other form of attack that was possible for the Germans to put over. In his discharge he has been credited with several battles—he was at Argonne, Verdun, and St. Mihiel. He went through the war with his regiment at the front from 26 September until the armistice was signed in November, 1918. He remained in France very nearly a year, from July to the following June. He was then sent home and was discharged from the Army. You will recall that in the early part of 1920 financial depression set in and it was almost impossible for thousands of service men to get a job." To these remarks there does not appear in the record any exception, but the defendant excepted to the following remark of the court to the jury: "The court suggests that there has been evidence tending to show that the plaintiff did serve in the great war; his discharge has been introduced in evidence, and further stated to the counsel, who objected, that he would follow counsel Lewis (who has spoken for the plaintiff) in addressing the jury, and could answer him." We do not see that this statement was in any wise prejudicial to the defendant.

Mr. Tucker, also counsel for the plaintiff, addressing the jury, said: "This man I represent faced the greatest gas manufacturers of the world, on the greatest battlefields in the world, and came away ungassed, and this lumber company will not succeed in gassing him before this jury. He faced in the most terrible battle of the World War the enemy. He stood there and went through and came out and this paper shows he is an honorable man, and gives him an honorable discharge,

and that his physical condition was good.   He was a better man physically when he came back than he was when the Government called him. They say he was drafted, that he would not have gone if he had not been yanked over there.  Nobody has testified to that except Mr. Schulken.   He went, as far as the record shows, as any man went from Columbus County, to face the enemy, and face the battles and came back without a scratch, although he stood in front of the most terrible military machine the world has ever seen for months and months, and yet he could not withstand the ingenuity of the Whiteville Lumber Company for 30 days, and after he had worked in there about 30 days they took one of the most precious organs of his body, etc.   You, gentlemen of the jury, know that while this boy was off in the war fighting this company was here making money, and that they have got the money that they ought to have been spending equipping their machines and getting them so they would be safe."   To this there is no exception or assignment of error in the record.

This Court has repeatedly held that exceptions to the language of counsel must be taken at the time, and if the court corrects it, it is not reviewable, nor even when it refuses to do so will it be held reversible error, unless there is clear and unmistakable abuse.   As to the first language above quoted, the counsel promptly withdrew the remark.   *S. v. Davenport,* 156 N. C., 597; *S. v. Tyson,* 133 N. C., 692.

In addition, the judge, in his charge to the jury, stated to them, as appears in the record: "The fact, gentlemen of the jury, that the plaintiff was a soldier in the great war must not influence your verdict, nor the fact that the defendant owns great tracts of timber and railroads have any effect upon your deliberations.   Your duty is with the evidence, and the instructions I have given you as to the law.   Counsel have made good speeches, and it is your duty to give their arguments consideration as long as they keep within the evidence within the case. But you will remember that lawyers are advocates, that it is their duty to make their side appear the best side.   You will remember that you and I are to hold the scales in untrembling hands—I to instruct you in the law, and see that substantial justice is done, and you to judge the facts with cold impartiality.   You take the law from the court, not from counsel.   It is my duty to instruct you in the law, and it is your duty to take my instructions as to the law, and apply it to the evidence as you remember it.   Counsel have the right to argue the law to you, and the facts, but it is your duty to remember the evidence and to take the law from the court, and apply it to the facts as you remember them.   So, gentlemen of the jury, it is your duty to take the issues which are to be handed to you and faithfully and carefully consider them, and find your verdict and return it."

We do not see that more was required of the judge, or that, in the absence especially of a request from the defendant, he should have given fuller consideration to the remarks of the plaintiff's counsel, which were doubtless in reply to or were fully replied to by opposing counsel.

The testimony as to the good physical condition of the plaintiff at the time of his discharge was proper and competent, as it was incumbent upon the plaintiff to show his physical condition at the time he was injured by the defendant. If his eyes and physical condition had not been normal and good prior to the injury, he would not have been entitled to as much damages on account of the loss of one of his eyes. It is well known that soldiers were given a very rigid and searching physical examination immediately prior to their discharge, and to have this evidence was most pertinent on the issue of damages. If in any respect it could have been prejudicial to the defendant, it should have asked that it be restricted to that purpose.

The plaintiff's counsel contends that his remarks as to the large business done by the defendant were competent and relevant in reply to the remarks of the defendant's counsel that it was engaged in a valuable industry, building up and developing the county, and that it would be bankrupt, ruined, and cease to do business if the plaintiff recovered a large judgment against the defendant.

The plaintiff's counsel also contends that his remarks in regard to the plaintiff's war record and to the scarcity of employment soon after his discharge from the army were in reply to the remarks of the defendant's counsel that the plaintiff was not patriotic, but was drafted and forced to go to the war; that he had never accumulated anything, was worthless, and had brought this suit as a pauper, and the plaintiff contends that these remarks on the part of his counsel were prompted by the continual abuse of plaintiff by defendant's counsel, and reflections on his patriotism made by them. He contends that these remarks of defendant's counsel justified and required the replies that were made by the plaintiff's counsel, and the fact that these remarks of plaintiff's counsel were not excepted to, and the further fact that the plaintiff did not appeal prevented these and other injurious remarks of defendant's counsel being set out in the record.

It is to be presumed that the trial judge committed no error in these matters, as to which there was no exception, and that he held the scales of justice evenly between the parties. It was evidently the case of "cross-firing with small shot."

The defendant also excepted because the judge charged the jury, "The plaintiff is to have a reasonable satisfaction, if he be entitled to recover at all, for loss of both bodily and mental powers," but this charge must be taken in connection with the other part of the same paragraph, which

is not set out in the exception, but are fully stated in the record as follows: "And for actual suffering, both of body and mind, which was the immediate and necessary consequence of the injury, and it is for the jury to say, under all the circumstances, what is a fair and reasonable sum which the defendant should pay the plaintiff by way of compensation for the injury he has sustained. The age and occupation of the plaintiff, and the amount he was earning at the time of the injury, are matters properly to be considered by you."

The assignment of error of only a part of this sentence used by the court in its charge is fragmentary, and does not make complete sense. Taking the whole sentence and charge as given, it was correct, for there were allegations in the complaint, and evidence sustaining it, that the plaintiff had endured great pain, and still suffered great mental and physical pain.