CLARK, C. J., dissenting.
Civil action to recover damages for an alleged negligent personal injury.
Upon denial of liability and issues joined, there was a verdict and judgment in favor of the plaintiff. Defendant appealed.
Plaintiff recovered a verdict of $10,000 as damages for the loss of an eye, and from the judgment rendered thereon, the defendant appealed, assigning errors. *Page 303 
It is alleged that the defendant's lathe machine, at which the plaintiff was injured on 9 June, 1921, was negligently and defectively equipped with insecure rollers and insufficient guard; and further, that it was in a generally unsafe and dangerous condition. Plaintiff was injured by a splinter being thrown from the machine and striking his eye, putting it out. There was evidence of splinters having been thrown out by said machine at other times prior thereto, and about which the plaintiff previously had made complaint.
Conversely, there was evidence on behalf of the defendant tending to show that the lathe machine was in good condition, equipped with proper guard, and of the kind and character in general use and of approved make.Helms v. Waste Co., 151 N.C. 370; Hicks v. Mfg. Co., 138 N.C. 319.
The errors assigned are largely addressed to the admission of incompetent and irrelevant testimony, and to the use made of same before the jury by plaintiff's counsel. The plaintiff, a witness in his own behalf, was allowed to testify as follows:
"Q. Were you honorably discharged (from the Army) in good physical condition? (objection and exception.) A. Yes. (Objection and exception.)
"Admitted for the purpose of showing the plaintiff's physical condition prior to his injury.
"Q. Is that the discharge you received? (Objection and exception.) A. Yes, sir. (Objection and exception.)
"By the court: Q. Where were you discharged? Objection and exception.) A. Camp Lee, Virginia. (Objection and exception.)
"Q. And the officer who discharged you issued you this certificate? (Objection and exception.) A. Yes, sir. (Objection and exception.)"
The plaintiff was then permitted to offer in evidence, over objection, the following paper-writing, purporting to be the said certificate of discharge:
HONORABLE DISCHARGE FROM THE UNITED STATES ARMY.
To all whom it may concern:
This is to certify that LaFayette W. Stanley, 1894876, Private 3d B. and S. Det. D. G., 221st M. P. Co., The United States Army, as a testimonial of honest and faithful service is hereby honorably discharged from the military service of the United States by reason Auth. Par. S. O. C. F. Q., Camp Lee, Va., 25 June, 1919.
Said LaFayette W. Stanley was born in Whiteville, in the State of North Carolina.
 When enlisted he was 25 years of age, and by occupation a farmer. *Page 304 
He had brown eyes, dark hair, fair complexion, and was 5 feet 8 inches in height.
Given under my hand at Camp Lee, Virginia, this 26 June, 1919.
 JOHN A. SHAW, Major, U.S. A., Commanding.
ENLISTMENT RECORD.
Name: LaFayette W. Stanley. Grade: Private. Enlisted or inducted: 27 May, 1918, at Whiteville, N.C. Serving in first enlistment period at date of discharge. Prior service: None. Noncommissioned officer: No. Marksmanship, gunner qualifications or rating: Not qualified. Horsemanship: Not mounted. Battles, engagements, skirmishes, expeditions: A. E. F. from 31 July, 1918. Meuse, Argonne, Verdun, St. Die. Decorations, medals, badges, citations: None. Knowledge of any vocation: Farmer. Wounds received in service: None. Physical condition when discharged: Good. Typhoid prophylaxis completed: 13 June, 1918. Paratyphoid prophylaxis completed: 13 June, 1918. Married or single: Single. Character: Excellent. Remarks: No absence under A. W. 107. Entitled to travel pay to Whiteville, N.C. Signature of soldier: LaFayette Warrington Stanley.
 A. A. HOFHAM, Capt. Inf., U.S. A., Commanding 3d B. and S. Det. D. G.
CAMP LEE, VA.
Paid in full, including bonus, $103.25.
 M. A. PITTMAN, Captain Q. M. C., By C. T. P., Agent.
Transportation issued to Florence, S.C., N. W. R. R., 26 June, 1919, Camp Lee, Va.
The court, addressing the jury: "This document is offered as corroborative of the witness, L. W. Stanley, if you find that it does corroborate him, as to his discharge, and the fact of his physical condition."
The first question and answer, it will be noted, were admitted for the purpose of "showing the plaintiff's physical condition prior to his injury"; and then the latter evidence was admitted as corroborative of *Page 305 
his "discharge and the fact of his physical condition." It appears from the record, however, that it was not only used for these purposes, but also for quite a different purpose as well.
This evidence, we think, should have been excluded. It was not pertinent to the issues involved, and the certificate of discharge was incompetent as hearsay. It is clear that the major part of the certificate was used for the purpose of appealing to the sympathy of the jury. The physical condition of the plaintiff is referred to in one place only in the "enlistment record," not in the discharge proper, but counsel were permitted to argue the whole to the jury. When the defendant objected to the contents of the discharge being argued to the jury, his Honor ruled as follows: "The court suggests that there has been evidence tending to show that the plaintiff did serve in the great war, his discharge has been introduced in evidence, and further, the court stated to the counsel objecting that he would follow counsel Lewis in addressing the jury and could answer him." (Objection and exception.) Here, it will be observed, the court treated the certificate of discharge as having been admitted generally, and as substantive proof, and not merely as corroborative evidence.
Counsel then proceeded in his address to the jury: "He, plaintiff, L. W. Stanley, withstood the onslaughts of the enemy, the shrapnel, the machine gun bullets, the gas bombs that were thrown from the air, and every other form of attack that was possible for the Germans to put over. In his discharge he has been credited with several battles. He was at Argonne, Verdun, and St. Mihiel; he went through the war with his regiment at the front from 26 September, until the armistice was signed, in 1918. He remained in France nearly a year — from July to the following June. He was then sent home and was discharged from the Army. You will recall that in the early part of 1920 financial depression set in, and it was almost impossible for thousands of service men to get positions."
This was much more than "cross-firing with small shot." It was a dangerous use of "contraband of war."
Major John A. Shaw, who issued the discharge, was not sworn as a witness, and was not even present at the trial. His certificate was neither certified to as a public record, nor sworn to by him. Furthermore, it wasres inter alios acta. A new trial was awarded in the case of Bryant v.Bryant, 178 N.C. 77, for a similar error in the admission of a letter which tended to corroborate one of the plaintiff's witnesses. The ruling in that case would seem to be directly in point here: "A letter from a third person, written to the son of the plaintiff, tending to corroborate his evidence on a material fact involved in the action, may not be introduced in evidence, and the facts therein stated must be *Page 306 
proved by the writer under oath as a witness, such being hearsay and resinter alios acta."
It is manifest in the case at bar that the introduction of the above evidence was hurtful and prejudicial. We cannot safely say that it was harmless. "There is no telling how far the defendant's case was affected by this error. Where there is error, its immateriality must clearly appear on the face of the record in order to warrant this Court in treating it as surplusage." Pearson, C. J., in McLenan v. Chisholm, 64 N.C. 324.
There was also error, as indicated in the defendant's fifth and sixth exceptions. J. P. Stanley, plaintiff's brother, was allowed to testify, over objection, as follows: "The piece that struck my brother in the eye could not have come from anywhere else except that tin. . . . I have worked in five or six different mills. I have seen lathe machines in other mills besides those I worked in. All the mills that I have worked in had a piece of iron over it about three-eighths of an inch thick and bent down over the roll to keep the stick back. If this machine had been so equipped this piece could not have struck the plaintiff in the eye as it did."
The admission of this evidence, in the manner and form in which it was offered, is in conflict with the decisions of Marshall v. Tel. Co.,181 N.C. 292; Kerner v. R. R., 170 N.C. 97, and Marks v. Cotton Mills,135 N.C. 287. In the last case just cited, Associate Justice Walker states the rule with clearness, and fortifies the same with a full citation of authorities. As there held, in a matter of this kind, a witness should not be permitted to express an opinion on the very question which the jury is impaneled to decide. "The general rule undoubtedly is that witnesses are restricted to proof of facts, within their personal knowledge, and may not express their opinion or judgment as to matters which the jury or the court are required to determine." 1 Rice on Evidence, 325, quoted with approval in Cogdell v. R. R., 130 N.C. 318.
It has been said in a number of cases that witnesses should describe the facts and circumstances to the jury, and leave them to draw their own conclusions, under proper instructions from the court. Tillett v. R. R.,118 N.C. 1042; Wolf v. Arthur, 112 N.C. 691. There are, of course, exceptions to this rule of evidence, but the present case falls within none of them. Barnes v. R. R., 178 N.C. 264, and Britt v. R. R., 148 N.C. 41. In fact, the instant case furnishes a striking illustration of the wisdom of the rule. The witness was allowed to testify, in so many words, that the plaintiff would not have been injured if the machine had been covered with an iron hood. This was the full equivalent of saying that, in the opinion of the witness, the defendant had failed to discharge one of the primary duties which it owed to the *Page 307 
plaintiff; or, in other words, that the defendant was guilty of negligence. The jury alone was summoned and selected to pass upon this question, and the witness should not have been permitted to express an opinion upon the very matter at issue between the parties. Lynch v. Mfg. Co., 167 N.C. 98;Summerlin v. R. R., 133 N.C. 550.
Again, in addressing the jury, Mr. R. M. Lewis, one of plaintiff's counsel, made the following statement: "Gentlemen of the jury, you need not worry about the Whiteville Lumber Company having to pay this — you have heard about these insurance companies." Defendant objected, and counsel withdrew the remark.
By the court: "Gentlemen of the jury, you will not regard that remark of counsel."
Plaintiff concedes, and rightly so, that this remark, injected in the case during argument of counsel, was improper, and should not have been made. His Honor would have been justified in withdrawing a juror and ordering a mistrial, but he was not requested to do so. Hence, this exception, in its present form and standing alone, possibly should not be held for reversible error, but it gives pronounced color and tone to the other objections appearing on the record, which are valid. In Lytton v.Mfg. Co., 157 N.C. 333, it was said: "Evidence that the defendant, in an action for damages arising from an injury, is insured in a casualty company is entirely foreign to the issue raised by the pleadings, and is incompetent. By some courts it is held to be so dangerous as to justify another trial, even when the trial judge strikes it from the record," citing a number of authorities. See, also, Starr v. Oil Co., 165 N.C. 587, where the question is again treated in a full and well considered opinion by Walker, J.
For the errors, as indicated, the cause must be remanded for another trial.
New trial.